Reynaldo **CORTEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–87–00630–CR.

Court of Appeals of Texas, San Antonio.

Aug. 17, 1988.

David R. Weiner, San Antonio, for appellant.

Fred G. Rodriguez, Diana Cruz, Mary Roman, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of aggravated sexual assault (habitual). The defendant was found guilty in a trial before the court. His punishment was set at 45 years' confinement.

The single point of error contends that the case should be remanded for a new trial on punishment because the trial court failed to make findings to support the punishment as a habitual offender.

During the punishment phase of the trial the appellant pleaded "not true" to the enhancement paragraphs in the indictment. The State offered appropriate and sufficient evidence to support the enhancement allegations. At the close of the evidence and after argument of counsel, the court announced that it would assess punishment at 45 years and proceeded to sentence the appellant.

The written judgment signed and entered by the court the following day contained the language:

[A]nd the court found that the defendant has previously been finally convicted of two (2) felony offenses and the second previous felony conviction occurred subsequent to the first previous conviction having become final and that he shall be punished by confinement in the Texas Department of Corrections for forty-five (45) years.

We believe the contention of the appellant is that the court should have orally announced his findings in open court. He cites no authority for this proposition.

TEX.CODE CRIM.PROC.ANN. art. 42.-01 provides that the judgment is the written declaration of the court signed by the trial judge showing the conviction or acquittal of the defendant and that it should reflect the finding or findings of the court and the term of sentence. Though the general custom is to announce the findings at the end of evidence and summation, there is no requirement that they appear anywhere but in the judgment.

The point of error is overruled, and the judgment of conviction is affirmed.